IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | Criminal No. 2:15-CR-070-D(02) |
| VS. | § | |
| | § | |
| DAMIAN ERIK ALCALA, | § | |
| | § | |
| Defendant. | § | |

MEMORANDUM OPINION
AND ORDER

Defendant Damian Erik Alcala ("Alcala") moves for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A) based on alleged extraordinary and compelling reasons. For the reasons that follow, the court denies the motion.

I

Alcala pleaded guilty to conspiracy to distribute and possess with intent to distribute 500 grams or more of methamphetamine, in violation of 21 U.S.C. § 846 (21 U.S.C. § 841(a)(1) & (b)(1)(A)(viii)). On January 19, 2016 Judge Robinson sentenced him to 324 months' imprisonment to be followed by 5 years of supervised release. Alcala appealed his sentence, but the court of appeals affirmed. On January 24, 2024 Alcala filed a motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 821 to the Federal Sentencing Guidelines. The undersigned granted his motion on March 21, 2024 and reduced his sentence of imprisonment to 292 months.

On May 23, 2025 Alcala filed the instant motion for compassionate release pursuant

to 18 U.S.C. § 3582(c)(1)(A), seeking a reduction in sentence based on alleged extraordinary and compelling circumstances. The court ordered the government to respond to Alcala's motion, which it did on June 20, 2025. Alcala filed his reply on July 9, 2025. Alcala's motion is now ripe for decision.

## II

A district court lacks inherent authority to modify a defendant's sentence after it has been imposed. *See* 18 U.S.C. § 3582(c). But under § 3582(c)(1)(A), as amended by the First Step Act of 2018, "[a] court, on a motion by the [Bureau of Prisons ("BOP")] or by the defendant after exhausting all BOP remedies, may reduce or modify a term of imprisonment, probation, or supervised release after considering the factors of 18 U.S.C. § 3553(a), if 'extraordinary and compelling reasons warrant such a reduction.'" *United States v. Chambliss*, 948 F.3d 691, 692-93 (5th Cir. 2020) (quoting 18 U.S.C. § 3582(c)(1)(A)(i)); *see also id.* at 693 n.1.[*] When deciding whether to modify a term of imprisonment, the court must "consider[] the factors set forth in [18 U.S.C. §] 3553(a) to the extent that they are applicable." 18 U.S.C. § 3582(c)(1)(A). Of course, it is now well settled that "neither the policy statement" of the Sentencing Commission "nor the commentary to it binds a district court addressing a prisoner's own motion under § 3582." *United States v. Shkambi*, 993 F.3d

_____

[*]Alcala contends in his motion that he submitted a request for compassionate release to the Warden of his facility "more than 30 days ago." D. Mot. (ECF No. 126) at 2. Because doing so does not change the outcome in the decision on Alcala's motion, the court will assume *arguendo* that he exhausted his administrative remedies, as required under 18 U.S.C. § 3582(c)(1)(A).

388, 393 (5th Cir. 2021).  To be clear, the court does *not* consider itself to be bound by U.S.S.G. § 1B1.13 in deciding this § 3582(c)(1)(A) motion brought by a prisoner.

III

Alcala moves for compassionate release based on alleged extraordinary and compelling reasons.  He contends that his original sentence was influenced by the now widely-criticized distinction between methamphetamine mixture and actual (pure) methamphetamine, which he maintains "results in unjustly severe sentences for low-level participants like [Alcala], who was neither a leader nor an organizer," D. Mot. (ECF No. 126) at 3; that he has shown exemplary post-sentencing conduct; that the adjustments in his sentence under Amendments 821 and 825 did not address the disproportionate impact of the purity-based enhancements that continue to inflate his sentence unfairly; and that his sentence, "rooted in now-discredited assumptions, stands as an outlier when compared to what similarly situated defendants would receive today," *id.* at 7.  Alcala clarifies in his reply that he "does not argue that the court made a legal error at sentencing."  Reply (ECF No. 131) at 6.

Because the court concludes below that Alcala's motion should be denied after considering the § 3553(a) factors, it will assume *arguendo* that Alcala has shown an extraordinary and compelling reason.  *See, e.g.*, *United States v. Rudzavice*, 831 Fed. Appx. 731, 732 (5th Cir. 2020) (per curiam) (declining to decide whether risk of reinfection during COVID-19 pandemic constituted extraordinary and compelling reason for compassionate release because district court did not abuse its discretion by concluding that defendant

- 3 -

remained danger to safety of others and that his immediate release would not be in the interest of justice and would minimize the seriousness of his crimes).

## IV

The court now considers the § 3553(a) factors. As noted, when deciding whether to modify a term of imprisonment, the court must "consider[] the factors set forth in [18 U.S.C. §] 3553(a) to the extent that they are applicable." 18 U.S.C. § 3582(c)(1)(A); *see also Shkambi*, 993 F.3d at 393 ("The district court on remand is bound only by § 3582(c)(1)(A)(i) and, as always, the sentencing factors in § 3553(a).").  Under § 3553(a)(2), the court can consider such factors as "the need for the sentence imposed—(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; [and] (C) to protect the public from further crimes of the defendant[.]" "[C]onsideration of the pertinent § 3553(a) factors functions as a reliable cross-check against (and can result in the veto of) the preliminary conclusion that there are extraordinary and compelling reasons to reduce [a defendant's] sentence." *United States v. Rainwater*, 2021 WL 1610153, at *3 (N.D. Tex. Apr. 26, 2021) (Fitzwater, J.). "When a district court denies a motion for compassionate release, it must give '"specific factual reasons" for its decision.'" *United States v. Stanford*, 79 F.4th 461, 463 (5th Cir. 2023) (quoting *United States v. Handlon*, 53 F.4th 348, 351 (5th Cir. 2022)).

In this case, Alcala is currently serving a 292-month sentence (which has already been reduced) for conspiring to distribute a large amount of methamphetamine, a drug that is extremely deleterious to users and the community at large. He committed this offense while

on supervised release for a different, federal drug-related conviction.  At the time of his arrest, he illegally possessed multiple loaded firearms in addition to ammunition and an extended magazine.  At sentencing, the presentence report placed him in criminal history category III.  Alcala is not eligible for release from prison until January 5, 2038.  If the court grants his motion, it will be ordering him released more than *12 years* before he would otherwise be eligible.  In the court's view, the sentence that the court originally imposed, already reduced from 324 to 292 months, is required to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment for the offense, and to afford adequate deterrence to criminal conduct.  Consideration of the remaining factors does not persuade the court that a lower sentence would be sufficient, but not greater than necessary, to comply with the purposes set forth in § 3553(a)(2).  *See Chambliss*, 948 F.3d at 694 (holding that district court did not abuse its discretion in denying compassionate release on grounds that, *inter alia*, "requiring [defendant] to serve the remainder of his sentence would 'provide just punishment for the offense' and 'afford adequate deterrence to criminal conduct.'").

Weighing the pertinent § 3553(a) factors together, the court concludes that Alcala's sentence should not be reduced under 18 U.S.C. § 3582(c)(1)(A).  *See, e.g.*, *United States v. Samak*, 832 Fed. Appx. 330, 331 (5th Cir. 2020) (per curiam) (affirming denial of motion for compassionate release and holding that district court did not abuse its discretion when it "specifically cit[ed] the nature of [defendant's] offense conduct, the need for the sentence imposed to reflect the seriousness of the offense, the need to protect the public, and the need

to afford adequate deterrence to criminal conduct").

*   *   *

Accordingly, Alcala's May 23, 2025 motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A) is denied.

**SO ORDERED**.

October 2, 2025.

SIDNEY A. FITZWATER
SENIOR JUDGE

- 6 -